JUDGMENT

PER CURIAM.
This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. See Fed. R.App. P. 34(a)(2); D.C.Cra. Rule 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. Rule 36(d). It is
ORDERED and ADJUDGED that the judgment of the district court be affirmed.
Kevin Miller appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Miller contends that the district court erred in admitting evidence that he had possessed a gun on two prior occasions. But any error was harmless in light of the overwhelming evidence that he possessed the gun that is currently at issue. See United States v. Linares, 367 F.3d 941, 952-53 (D.C.Cir.2004); United States v. Johnson, 519 F.3d 478, 484 (D.C.Cir.2008); Fed.R.CrimP. 52(a). Three police officers testified that they saw Miller drop or toss the gun behind a utility box, and Miller was arrested almost immediately thereafter, a few feet away from the box. The arrest followed Miller’s flight from the scene of an undercover drug buy, and two additional officers who did not see him toss the gun saw him clutching the right side of his waistband as he ran.
Miller also challenges the district court’s imposition of a sentencing enhancement for possession of the firearm “in connection with another felony offense,” namely attempted distribution of heroin or aiding and abetting possession with the intent to distribute heroin. U.S.S.G. § 2K2.1(b)(5) (2005). While Miller was not the original target of the undercover drug buy and no heroin was found on him, before he fled he approached the undercover officer and said, “raw, raw.” The officer testified that the phrase is a street term for raw heroin and that Miller used it in a way that suggested he was offering heroin for sale. Finally, Miller had a prior conviction for attempted distribution of heroin, which the district court found probative of Miller’s intent under Federal Rule of Evidence 404(b). We review the district court’s factual finding for clear error, see United States v. Blalock, 571 F.3d 1282, 1285-87 (D.C.Cir.2009), and it was not clear error to conclude, by a preponderance of the evidence, that Miller had attempted to distribute heroin or aided and abetted possession with the intent to distribute. Miller’s alternative explanations for the “raw, raw” *34 statement are less plausible than the district court’s, and he does not challenge the “in connection” aspect of the enhancement.
The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).